May it please the court, I'm hoping to reserve two minutes, at least two minutes for rebuttal. The appeal should be dismissed for lack of jurisdiction for two related... Who you are? I'm Henry Whitaker, Your Honor, and I'm appearing on behalf of the defendants, the government defendant on behalf of the Department of Justice. The appeal should be dismissed for lack of jurisdiction for two related but distinct reasons. First, the partial summary judgment order that is on appeal did not dispose of a single unitary claim as is required for there to be a valid 54B. That's because only three of the plaintiffs are involved in this partial dismissal or for some other reason? That's part of it, Your Honor, but it's not the only reason. Even as to these three plaintiffs, they have several alternative theories of liability based on the same alleged government conduct that is at issue. But have they limited their Fourth Amendment claim to what's been called the upstream theory? Have they limited it to that? Yes. No, Your Honor, they have not. They have at least, as I counted, three alternative theories of liability as to upstream that remain pending. Under the Fourth Amendment? Oh, I'm sorry, no, I apologize. The First Amendment claim, there's a statutory claim. Fourth, and then there's the FISA and the stored communications. But maybe I wasn't quite precise enough. I was asking whether under the Fourth Amendment they had limited their claim to the upstream aspect of the surveillance. No, there are other aspects of their Fourth Amendment claim that are pending in district court, Your Honor. For example, the plaintiffs are also challenging the government's alleged surveillance activities under the Presidential Surveillance Program, which is another aspect of their Fourth Amendment claim that remains pending in district court. So, yes, there are other Fourth Amendment theories. In addition to that, there are other Fourth Amendment alternative theories of liability that remain pending in district court, both as to upstream and as to the Presidential Surveillance Program. For example, there are at least nine individual capacity defendants that are also still in district court. And, of course, there would be a qualified immunity issue that would arise under the Fourth Amendment if those claims were to proceed. I mean, what the district court adjudicated is but a tiny sliver of a massive case, of a massive sprawling challenge to multiple aspects of the government's surveillance activities. Is it the government's position that these specific arguments that have been raised on the merits will be capable of appeal once there's a final judgment or additional partial judgments? Yes, they could be eventually, potentially, eventually the subject of an appeal. So you won't argue that there's any bar as to these particular arguments once there's finality, correct? If there's a final judgment, Your Honors, of course the plaintiffs can appeal whatever they like. Now, I will say this. I mean, the idea that they would be entitled to judgment outright on any aspect of their claim would first have to clear a threshold state secrets problem as to all of their claims. And, indeed, in the district court below, we… There would be a final judgment, too, if the court agreed with you and dismissed the entire case. Absolutely. Absolutely, Your Honor. And that's what we were urging the district court to do. Indeed, before the district court adjudicated the partial final summary judgment motion that is up on appeal, the district court had before it fully briefed and ready to argue a number of threshold issues before it, which was whether the plaintiffs could establish standing as to any of their claims without resort to protected national security information. And, certainly, if the district court dismissed the claims as to the government, at least, I mean, that would be, obviously, a much stronger case for an immediate appeal. If the Ninth Circuit were to accept the appeal, and if it were determined that these plaintiffs have standing, I assume that the state secrets would be on the table as a defense. So I'm interested in your comment on how the government's state secrets position vis-à-vis the upstream Fourth Amendment claim relates or doesn't relate or interrelates to the other pending claims that are still in the district court. It interrelates and overlaps massively with the remainder of the claims pending in district court. We have asserted the state secrets privilege as to all of the claims the plaintiff is asserting, but particularly and in particular as to their, the quote, internet interception claims that, as to upstream that remain pending in the court of appeals, but also as to the past alleged activities under the presidential surveillance program. And we have asserted that those claims implicate a variety of protected national security information concerning sources and methods such as the identities of the providers involved, such as the precise mechanics, operational mechanics of how these various programs work. Those assertions and the issues they touch upon cut across virtually the entire case. So there's no way that the issues the district court adjudicated in the partial summary judgment order are separate and distinct from the rest of the case. That's not true at state secrets. I wonder if you would let me know how you read the district court's order. One way to read it is that there is an alternative holding that even if the plaintiffs had standing, the state secrets doctrine would bar the Fourth Amendment claim. But another way to read it is that the discussion of state secrets pertains to the standing question. And to my way of thinking, it was a bit ambiguous. What is the government's reading of the order? Your Honor, I understand the state secrets holding to be an alternative holding the district court reached. I understand the district court to have held two things, which is how we argued the motion below. First, that the plaintiffs had failed to establish evidence sufficient at the summary judgment stage of litigation to establish their standing. And second, even if they had established their standing on the public record, that the state secrets doctrine in any event would preclude further litigation of that particular claim. So if we were to accept the appeal, how would we have to deal with the alternative ground, if at all? Well, if the court were to hold that they had not established standing on the public record, that would, I think, enable the court would then not have to reach the issue of state secrets. However, if the court did find that they had established standing on the basis of the public record, then I think the court would have to grapple, necessarily have to grapple, and the court held that based on those public allegations, they had stated a violation of the Fourth Amendment. The court would then have to reach the state secrets doctrine. And I think that's one reason why the appeal at this juncture is premature, because again, the standing issue, even the threshold question of standing, is also one that runs throughout litigation. And what's going to happen if the court hears the appeal, and if the government wins on standing, what's going to happen is the plaintiffs are going to say, no, no, no, this court's decision does not control as to all these other claims based on some factual distinction. And that's the whole point of Rule 54B. It's that the court should have substantially related factual and legal issues all before it, so it can resolve in one appeal, not in multiple successive appeals, related legal and factual issues. Now, the second prong on the interlocutory appeal that we look at, of course, is delay. And the district court cited and quoted the federal rule to that effect. This case has been here already once, and it's been in the district court in various forms for quite some time. So I'm interested in your comments on why what has been a fairly long and torturous path for this case, why some of it shouldn't come to an end, or at least to a decision, and what the government's position is on the delay. Well, I think, Your Honor, that an immediate appeal now would only exacerbate, not reduce, that delay. Because, again, the appeal will not necessarily resolve. The court does not have before it the closely related claims that remain pending in district court. So the resolution of those closely related claims is going to remain somewhat of an open issue. So I think, at a minimum, the most expeditious way for this litigation to proceed would be for the district court to first figure out what is the effect of the partial summary judgment order on the rest of the case. And one answer might be, and I think it's the answer obviously that we would favor, is that the entire litigation cannot proceed without resort to state secrets. And what has happened in the interim, I mean, the effect of the 54B certification on this tiny sliver of the case has stopped the district court's litigation in its tracks. And so I think the appeal, if anything, has exacerbated the very delay that Your Honor points to. And basically what's going on in this case, Your Honors, is that the plaintiffs are trying to have their cake and eat it too. What they are trying to do is have an immediate appeal on this tiny slice of the case, and while leaving all of their district court options open in the event they lose the appeal. Well, the district court thought that wasn't such a bad idea, right? The court who's now overseeing all of these multiple claims. Well, I'm not sure we really know what exactly the district court thought, Your Honor, given that it entered the 54B certification in one sentence without having any supporting findings and reasoning. Now, could I ask you about that? I was maybe somewhat confused in the briefing as to whether the government's suggesting there's not enough findings, it doesn't meet some of the past cases, and therefore that the district court gets a do-over to make the findings, or just you're saying, no, there should be no 54B certification, end of story. Well, we are saying two things, Your Honor. We are saying, first of all, as a matter of law, and if you look at the record, there is no jurisdiction, appellate jurisdiction here, as a matter of law. And the court reviews that threshold question, as this court has repeatedly held, and we have those citations in our motion, de novo, without deference to the district court. But if the court were to disagree with that, I think at a minimum, and in the alternative, we have this alternative argument that the court should, at least at a bare minimum, before we have an immediate appeal, which is going to gum up the works in this litigation, it seems, on the face of it, at least to us, at a minimum, the district court should explain why it thinks that an immediate appeal will efficiently resolve the rest of this case. But I think, Your Honor, on this record, you absolutely can conclude that it would not. Is there anything now, let's just say that the appeal is not accepted, the 54B certification is not accepted at this time, are there any remaining factual or discovery issues that stand between a final judgment and another appeal? It depends on what exactly that final judgment looks like. I mean, certainly we think that there's no further factual issue or discovery that would be necessary for the district court to dismiss the entire case as barred by the state secrets privilege. And that's what we've been urging the district court to do for three years. And so we think that, yes, we think that the district court could do that the day this court remands and pave the way for an immediate appeal on that, potentially. Now, if the district court were to reject all or some of that, there might well be the need for further issues about how exactly this case could proceed under Section 1806F and related issues. But the point is that there is much work that remains to be done on closely related legal and factual issues with regard to the appeal. And so the appeal should be dismissed. Your Honors, I see that I have a minute left on my time. I'm happy to answer any further questions, but I would like to have a little bit of a rebuttal if possible. If you may, we've had quite a few questions, so you'll have a little bit of time on rebuttals. We'll add to that if we need to. May it please the Court, I'm Richard Wiebe for the plaintiffs here. Your Honors, the government has been conducting its mass Internet surveillance for the past 14 years. If we're correct, that's an ongoing Fourth Amendment violation that every day causes continuing harm, not just to the plaintiffs, but to millions of other Americans. We've been seeking a ruling on this claim since 2008 when we filed the complaint. In all that time, the harm has continued. The district court ruled on plaintiff's claim, but like this court, it's recognized that this is an extraordinary case. It entered judgment so that this claim could receive the speediest review possible by this court. Counsel, let me ask you to comment specifically on two assertions that, at least as I understand it, the government's lawyer has made. As I understand it, he is arguing that on the Fourth Amendment claim, only some of the plaintiffs have judgment in their favor, and furthermore, that with respect to these same plaintiffs, they have other Fourth Amendment claims, so that it is not a complete ruling on either a set of parties or a complete claim. What is your response to that? Yes, Your Honor, those were two points I wanted to clarify for the court because they are important. First of all, these three plaintiffs are the only plaintiffs with Fourth Amendment Internet interception claims. Now, we have two categories of Fourth Amendment claims. We have the other, you know, the successor and interest to one of them, and hefting. Do they also have telephone claims, and these plaintiffs also have telephone claims? That's what I was going to point out, Your Honor. We have two categories of Fourth Amendment claims. We have the Internet interception claims and the phone records claims. Phone records claims are based on a completely different set of facts. The Internet interception claims are based on, in this case, AT&T's cooperation with the splitter, as this court is familiar with from the prior opinion it wrote. The phone records claims are similar to those that are pending before, I think, at least two members of this panel in the Smith v. Obama case. And I believe, as you know from that, that's a completely different situation where it's not a question of the phone company intercepting. It's a question of the government going to the phone records, to the phone companies, and receiving the records in bulk. Let me ask you to cut to the chase, and that's with respect to the state secrets defense. And what I'd like to have clarified here is why, if ultimately we had to look at the state secret defense and look at the classified documents plus the publicly available documents, why then wouldn't both some of that law and many of those facts also be applicable to not only the Fourth Amendment remaining claims, but some of the statutory claims? I think it may well be, Your Honor. And I think that's a reason arguing in favor of this court taking to the appeal to provide clarity and guidance for further proceedings. So, in other words, you're saying that, in fact, these are overlapping claims factually, and this one doesn't stand, this Fourth Amendment upstream Internet interception doesn't really stand in a solitary situation. Let's be clear on what claims we're speaking about. As I've said, not just the Fourth Amendment claim, but throughout the complaint, there are two distinct categories of claims. The phone records claim is the Internet interception rights. I think we can set the phone records aside for today because they're not at all involved in the factual record, and I think there's no basis on which to reject the appeal for that. Can we just stop there, though, because if... I understand there's two different claims based on some similar, some different factual, but you're saying let's just set the telephone aside. But with respect to state secrets issues, as I understand it, you're telling me there is overlapping evidence on the claims, both this Fourth Amendment claim and the remaining statutory claims. That's why I wanted to clarify. I was referring just to the Internet interception claims. I think the state secrets issues on the phone records would be quite different. Among other reasons, there have been a wealth of government admissions relating to that program, and state secrets, as this panel well knows, is applied on a case-by-case basis. Well, let me ask you this, then. Is the so-called upstream set of claims limited to the Fourth Amendment, or do some of your other claims, such as the Wiretap Act claim and the First Amendment claim and some of the others also incorporate the upstream theory? We do have Internet interception claims under the Fourth Amendment. Under the First Amendment, separation of powers, and under two of our statutory claims. Well, that's how I read it, too, and that causes me to wonder why it is appropriate to adjudicate what really is a piece of a defense to a whole bunch of related things, even if all the technicalities of the rule are met. You're asking why? Why it is sufficiently intertwined that we shouldn't await a final judgment or a partial judgment, at least as to all interception claims and all parties on those claims with respect to state secrets. If the state secrets issues are distinct for the records claims, that may be another issue, but it sounds like there is a common set of claims and issues that go far beyond this piece that you're presenting to us now. First of all, I think it's important to keep in mind the legal standard and the fact that both the Supreme Court and this Court have said that it's not a bar to a 54B judgment to have overlapping claims and to have a case where many claims arise out of the same transaction. In this particular case, addressing your question, I think it does make sense because, first of all, we have the fact of the ongoing harm to the plaintiffs. If we're correct that this is a Fourth Amendment violation, we're looking at at least three years or more of litigation down the road. I think it's also important to realize... I mean, delay works both ways. We're slow, too, so taking the time to come here doesn't necessarily equate to efficiency. We have great faith in the efficiency of this Court, Your Honor. I think there are a number of other facts, too. First of all, when the Fourth Amendment claim comes back to you, it's going to be in the same posture with the same evidence as it is now, so nothing will have been gained by that delay in terms of deciding the Fourth Amendment claim. How does that distinguish it from most cases where, in an ideal world, people would like at least to know yes or no whether this part of their case is an up or a down? I'm not sure what makes a difference. Let me tell you, Your Honor, and this actually gets back to one of your questions to the government, about what other facts and discovery might occur in the District Court. First of all, discovery has been stayed since the beginning of this case, so there's been no discovery so far. It's important for this Court to be aware that the District Court has actually put the Fourth Amendment claim and the statutory claims on two different procedural tracks. It's earlier ruled that the statutory claims are subject to FISA Section 1806F, so they're going to be going down a different road, the whole 1806F procedure, and this was in the Court's ruling. It's at ER 15. It's ECF number 153. That's the July 23, 2013 ruling from the District Court. I don't want to interrupt, but I do want to understand one thing. As to these procedural tracks with statutory and other claims, do the First Amendment claims get grouped with the Fourth Amendment claims under this procedural dichotomy? What the District Court has apparently done, it's ruled that 1806F applies to the statutory claims. We argued as part of our Fourth Amendment motion that to the extent there are state secret issues, 1806F should apply to constitutional claims as well. The District Court rejected our position by applying the state secrets privilege here. But that doesn't answer my question. Yes or no? Are the First Amendment claims grouped? We think they all should be in 1806F, constitutional and statutory. I know you think they are, but you're saying they're in – you see, the one thing is that we could decide the Fourth Amendment claims. We still have the First Amendment claims under the Constitution plus the statutory, right? They still have to be decided. That's right, Your Honor. But by deciding the Fourth Amendment claim, among other things, you would be deciding whether or not 1806F or the state secrets privilege applies to constitutional claims. And that would provide clarity for the District Court. It doesn't really make sense for the District Court to set the statutory claims down the 1806F road if this court is later going to rule, oh, the Fourth Amendment claims should have gone down that road too. Am I correct in understanding that neither the 2013 order nor the more recent order dealt with the First Amendment claims? That's correct, Your Honor. Okay, so they're just hanging out there with no court order of any sort as to any plaintiff. That's correct, Your Honor. Okay. Yeah. And I did want to get back to your question just so we're absolutely clear on what claims are – what Fourth Amendment claims are present here. This is the entirety of plaintiffs – of all plaintiffs' Fourth Amendment Internet interception claims. The two plaintiffs who were not moving parties were never AT&T customers. They are not pursuing Fourth Amendment Internet interception claims. As for the past, the now discontinued President's Surveillance Program, the PSP program, no one has a Fourth Amendment claim to that under the City of Los Angeles v. Lyons. You can't seek relief for a constitutional violation that's been discontinued before you filed your complaint. That's just a basic issue. So nobody's got Fourth Amendment claims against the government defendants for PSP violations. They do have Fourth Amendment claims against individual defendants, but that's going to be subject – the district court has stayed all claims against the individual defendants, and obviously, as the government noted, they'll be subject to Bivens defenses and all kinds of other proceedings which aren't involved in our claims against the government. If you went back to the district court now on remand, what remains to be done to get a final judgment? There does remain a lot to be done. We have, for example, all the phone records claims, and it again appears that the district court is waiting for some hopeful clarity. You're talking about the Fourth Amendment and First Amendment phone records claims? And statutory. We have a whole – again, those arise out of separate facts. It's a whole separate category of claims, both constitutional and statutory. But some of these have already been dismissed, have they not? The – certain claims have been dismissed to the extent we were seeking injunctive enforcement of statutes against the government, yes. And the damages claims are partially dismissed? The FISA damage claim against the government was dismissed. And they haven't – you haven't had a ruling then on anything under the First Amendment or the Wiretap Act, is that right? Not on – I mean, not on the merits, not a – The damages claim on the government. So, you know, in sort of 25 words or less, if it's possible in this case, when it goes back, is the posture such that you need or want discovery, or is the case already teed up for a final legal resolution? No, again, the discovery has been stayed since day one. We do want discovery. We do want to proceed down the 1806 F Road with the statutory claims. So it's not a matter of a quick round trip back to the district court and back here. It's – if all the claims need to be resolved, that is going to be at least three years, if not longer. It's been four years since this court's last hearing. Did I understand you to say that discovery was stayed at the outset? Yes, we have not had a day in which we've been allowed to permit discovery. And obviously discovery is one of the things that Section 1806 F is supposed to allow. That's the triggering event of it. And so we would need to start that process. And as I said, it makes sense to know at the beginning of that process whether the constitutional claim should be going down that road or not. And that's an answer that only this court can give us. This case went back to the district court on the standing after December 2011, correct? That's correct, Your Honor. And then it was in the district court for two years before the 54B certification is dated? It's just this spring. It's the end of May, yeah. So for four years there's no discovery and all you have is legal motions? That's all we've been permitted, Your Honor. But why does it? I mean, I hear the government, they want to lay it at your feet. I'm not sure whose feet you want to lay it at, the government's. But what's the story? Why four years? The district court has stayed discovery. We're powerless to proceed with discovery until the district court lets us to. Well, I understand that. So you're saying that none of the remaining things can be resolved because the government says, well, really the plaintiff could tee up these other issues on a legal basis and get a decision, but it or they don't want to. Is that correct or incorrect? Let me tell you, Your Honor, exactly the reason why we brought the Fourth Amendment summary judgment motion separately was because we thought this is the one claim we can go forward with only our public evidence. That's all we've got now. That's all the district court is permitting us at this point. So let's move the case forward. This is the one avenue we have to go down. Let's take it. The district court decided it. It decided the entirety of our Fourth Amendment Internet interception claims against the government. Those are all wrapped up in this judgment. And we brought it to this court seeking a final determination on that claim. Thank you, counsel. Thank you, Your Honor. I appreciate it. Mr. Whitaker, you have some. Did I do that backwards? You're Mr. Whitaker, right? Okay. Gotcha. Thank you. What has stopped the district court from cleanly resolving the legal issues in this case of the 54B appeal? And the district court was ahead before it and was poised to decide threshold legal questions which would have resolved this case when plaintiffs filed their partial summary judgment. The case is absolutely ripe for legal resolution on the state secrets issue if the case goes on remand to district court. Well, I know this is a hypothetical, but were this to have been a ruling on all of the Internet interception claims as distinct from the telephone records claims, would we have a different, potentially a different answer? Because presumably the state secrets doctrine would apply in a uniform way to those claims. It would be a different issue, although I hasten to add that the state secrets privilege is absolutely relevant to all claims, including the telephone records claims. Again, we have sought judgment based on the state secrets privilege on all the claims, which we all think. And there's one state secrets privilege assertion in this case for all the claims. But it's a fact-based determination, correct? I mean, it's possible that one examines the classified documents and hypothetically determines that state secrets claims applies to the evidence necessary to prove claim A, B, and C, but claims D, E, and F don't fall in that ambit, so no state secrets defense, two different outcomes on different claims, correct? It's certainly theoretically possible, Your Honor, but I think it's also fair to say that the questions substantially overlap. And as this Court indicated in the Wood case, that is really the standard this Court should apply in deciding whether the 54B certification was appropriate. So just in the second point, real quick point, I don't think it's accurate to say that the district court put this case on two different tracks for the statutory claims and the constitutional claims. I mean, we have asserted that the state secrets privilege itself would preclude any kind of adjudication under 1806F, because what plaintiffs need to show as a threshold matter for that procedure to even be appropriate is that they are an aggrieved party. So we have a variety of legal arguments about why the case is precluded by the state secrets doctrine, even assuming the district court's prior ruling, although I would hasten to note that one inference from the partial summary judgment order you could draw, and the district court wasn't clear about this, it didn't mention anything about 1806F, is that the district court reversed its prior 1806F ruling since it was not mentioned. At least as to this piece of the Fourth Amendment claim. Exactly. And so we need to figure out, right, and that's exactly the point, Your Honor. We don't know yet what the implications of that summary judgment, partial summary judgment ruling are for the rest of the case, because the plaintiffs have moved for a 54B before we had an opportunity to figure that out in district court. And that's what needs to happen on remand. The district court needs to figure out the implications of the partial summary judgment order for the rest of the case. And that's teed up and ready for resolution in district court. Thank you, counsel. The motion just argued is submitted for decision, and we appreciate very much the helpful arguments from both counsel. And for this special session, we're adjourned.
judges: Hawkins, Graber, McKeown